IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ABIGAIL F. RANSOM, BONNIE KURZ, LORI A. HOPMANN, VERNON K. HENNEMAN, JR., and DANIEL W. OWINGS | § § § § § | |
| V. | § § | A-10-CA-857 AWA |
| M. PATEL ENTERPRISES, INC., M. PATEL ENTERPRISES, INC. d/b/a PARTY CITY, M. PATEL ENTERPRISES, INC., d/b/a PARTY PIG SUPERSTORE, MITESH M. PATEL, and JAYMINI AMIN, a/k/a JAYMI PATEL | § § § § § § | |

## ORDER

Plaintiffs' Motion to Compel Production of Documents Relevant to the Plaintiffs' Job Duties and Brief in Support (Clerk's Doc. No. 45) filed June 16, 2011; Defendants' Response to Motion to Compel, Including Motion for Protective Order (Clerk's Doc. No. 50) filed June 27, 2011; Plaintiffs' Reply Brief in Support of Their Motion to Compel Production of Documents Relevant to the Plaintiffs' Job Duties (Clerk's Doc. No. 55) filed July 5, 2011; Plaintiffs' Response in Opposition to Defendants' Motion for Protective Order and Brief in Support (Clerk's Doc. No. 56) filed July 5, 2011; and Defendants' Reply in Support of Motion for Protective Order (Clerk's Doc. No. 62) filed July 6, 2011. Having reviewed the Motions, Responses, and Replies, the Court enters the following Order.

### I. BACKGROUND

This is a wage and hour lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Plaintiffs contend that the Defendants misclassified them as exempt, and thus failed to pay them overtime compensation and, in some

cases, minimum wages, while they held one of the assistant manager positions with the Defendants known as Executive Assistants, Executive Managers and/or Executive Assistant Managers. Defendants claim that Plaintiffs were exempt from the overtime and minimum wage provisions of the FLSA under 29 U.S.C. § 213(a)(1). Specifically, Defendants contend that Plaintiffs were subject to the executive and/or administrative exemptions. *See* Defendants' Second Amended Answer (Document No. 29), ¶¶ 22-29.

## II.  Motion to Compel

Plaintiffs move to compel documents responsive to two separate requests for production. On January 25, 2011, and February 14, 2011, Plaintiffs propounded to Defendants their First and Second Requests for Production ("RFP"), respectively.

Request for Production No. 12 (first set of RFP's):

> Produce copies of all documents sent by Defendants to Plaintiff (and vice versa) concerning the terms and conditions of Plaintiff's employment. This includes, but is not limited to e-mail, memos, notes, and other documents discussing Plaintiff's job duties, compensation and any other benefits.

Request for Production No. 59 (second set of RFP's):

> Produce documents that set forth the policies and/or procedures for all the following topics, and all correspondence (including, but not limited to, letters, notes, emails and memoranda (including all attachments)) and records of correspondence (including, but not limited to, telephone logs and notes of conversations) between Defendants' general manager(s), district manager(s), officer(s) and/or director(s), on the one hand, and any of the Plaintiffs, on the other, regarding the following topics:
>
>     a.    Setting or adjusting the hourly employees' work schedules;
>     b.    Training hourly employees;
>     c.    Customer complaints or inquiries;
>     d.    Adjusting product prices;
>     e.    Use of Party City franchisor coupons;
>     f.    Disciplining hourly employees;
>     g.    Opening and closing procedures;

    h.  Ordering or otherwise adjusting inventory;
    i.  Honoring Party City franchisor sales promotions;
    j.  Accepting or rejecting inventory;
    k.  Processing of special customer orders;
    l.  The operational goals for the stores;
    m.  The performance of any job duty by Plaintiff.

Plaintiffs state in their Motion that on June 2, 2011, Plaintiffs conducted a Rule 30(b)(6) deposition of M. Patel Enterprises, Inc., and deposed Jaymini Amin. Ms. Amin testified that there are various documents that Defendants did not produce, that Plaintiffs argue dictate Plaintiffs' job duties. These documents include: graphics kits, placement sheets, store planners, plan-o-grams, daily checklists, merchandising plans, weekly planners, a Halloween playbook, training checklists, daily assignment sheets, "CRISP walk" spreadsheets, and documents dictating Defendants' opening and closing procedures ("the requested documents"). Plaintiffs now request the Court to compel production of these documents. Plaintiffs also submit that Defendants did not lodge any timely objections to these requests, and thus must now produce the documents in issue without limitations.

    Defendants assert that the RFPs in issue did not describe with reasonable particularity the category of item to be produced, and because of this overbreadth, good cause exists for their failure to make timely objections to the RFPs. Defendants also argue that the requests are unreasonably duplicative, not limited in time, and that producing the identified documents would be unduly burdensome. Additionally, Defendants argue that the documents requested include trade secrets, and requests a protective order governing dissemination of the documents.

    **A. Good Cause for Failure to Object**

    There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is

appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure. *See, e.g., In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (the "general rule" is that when a party fails to object timely to production requests, "objections thereto are waived"); *Ordoyne v. McDermott, Inc.*, No. Civ. A. 99-3456, 2000 WL 1154616, *1 (E.D. La. Aug. 14, 2000) ("Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, Civ. No. H-07-2426, 2008 WL 2036816, *5 (S.D. Tex. May 9, 2008) (and cases cited therein). " 'Any other result would . . . completely frustrate the time limits contained in the Federal rules and give license to litigants to ignore the time limits for discovery without any adverse consequences.' " *Id.*, quoting *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988).

Nevertheless, waiver is not automatic, and this Court has discretion to determine whether good cause exists to preclude waiver. One factor frequently considered is whether the party that failed to object timely to the request for production of documents acted in bad faith. As the *RE/MAX*, court noted:

> Courts examine the circumstances behind the failure to file a timely response to determine 'whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance'; consider subsequent actions by the party to ascertain whether 'it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner'; and take into account any resulting prejudice and the need to preserve the integrity of the rule; and may consider any lesser appropriate sanction.

*RE/MAX*, 2008 WL 2036816, at *5 (citations omitted).

In this case, there is no evidence of bad faith. Defendants assert that they did not believe that the documents in issue were responsive to the requests. However, neither is there evidence of

4

inadvertence, mistake or good faith.  Thus the Court finds that Defendants' objections are waived.  However, despite Defendants' extremely weak argument that the overbreadth of the requests constitutes good cause for their completely inexplicable failure to lodge objections, the Court will take Defendants' objections into account in fashioning this Order requiring them to produce the above-listed documents.

### B.  Limitations on Requested Discovery

Defendants assert that Plaintiffs' discovery requests are overbroad, not properly limited as to temporal scope, not relevant, and unduly burdensome.  The Court finds that even if Defendants had not waived these objections, they carry little water.  With regard to relevance, Plaintiffs requested correspondence and documents setting forth policies and procedures regarding "the performance of any job duty by Plaintiff."  In her deposition, Ms Amin agreed that the checklists, planners, the Halloween play book, and other documents imposing routines on the executive managers relate to the Plaintiffs' job duties.  *See* Exhibit B to Motion, Deposition at pp. 72-79.  In FLSA misclassification cases, whether a Plaintiff qualifies as exempt or not is determined at least in part, by the employee's job duties.  29 U.S.C. § 541.2.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(B)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(B)(1).  However, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).  Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or

is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED.R.CIV.P. 26(B)(2)(C).

While the Court agrees that the materials requested are relevant, the Court also acknowledges that requiring Defendants to produce five years worth of these documents, some of which were disseminated daily or weekly, is unduly burdensome and duplicative. Accordingly, the Court finds that Defendants should be compelled to produce the materials listed above, but only for a contiguous one-year period of Plaintiffs' choosing.

### C. Request for Protective Order

Defendants also move for a Protective Order asserting that the requested documents detail strategic operating procedures for Party City locations and thus qualify as trade secrets for which they request protection. Plaintiffs assert that Defendants failed to timely move for a Protective Order and failed to confer on the issue of a Protective Order. Plaintiffs request that Defendants' Motion be denied on these bases.

Defendants assert that "good cause" exists for issuance of a Protective Order because revealing the materials would result in harm if revealed to competitors. Defendants further assert that they did confer with opposing counsel before filing their Protective Order. The Court declines to ascertain whether these items are in fact trade secrets and if a significant harm would result from their revelation. And, it is not necessary to do so, as the documents may be produced pursuant to a Protective Order agreed upon by the parties. The Court directs the parties to the Form Protective

Order found at Appendix H to the Local Rules for the Western District of Texas.[1] This Protective Order provides a mechanism for the parties to dispute the designation of documents. The parties may use this form or draft their own Agreed Protective Order. Accordingly the Court finds the parties should submit an agreed Protective Order to the Court, subject to which these documents should be produced.

### III.  Summary of Order

The Court ORDERS that Plaintiffs' Motion to Compel Production of Documents Relevant to the Plaintiffs' Job Duties and Brief in Support (Clerk's Doc. No. 45) is GRANTED IN PART. Defendants are ORDERED to produce the documents requested by Plaintiffs, for a contiguous one year period of Plaintiffs' choosing. Plaintiffs are ORDERED to notify Defendants of the dates of the one-year period within five days of the date of this Order. The Court FURTHER ORDERS that these documents be produced within twenty days of the date of this Order.

Lastly, the Court ORDERS the parties to submit an Agreed Protective Order within ten days

---

[1] Paragraph 9 of the Protective Order provides as follows:

A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

of the date of this Order. The Agreed Protective Order may follow the Court's Form Order or may be in a form of the parties choosing, but must provide for the restricted dissemination of documents that Defendants properly identify as containing trade secrets.

SIGNED this 5th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE