## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ABIGAIL F. RANSOM, et al.** | § | |
| | § | |
| **V.** | § | **A-10-CA-857 AWA** |
| | § | |
| **M. PATEL ENTERPRISES, INC., et al.** | § | |

### ORDER

Before the Court are Defendants' Motion for Final Summary Judgment (Clerk's Doc. No. 53); Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment and Rule 56(f) Request for Partial Summary Judgment and Brief in Support (Clerk's Doc. No. 76); and Defendants' Reply in Support of Motion for Final Summary Judgment (Clerk's Doc. No. 81). In a nearly identical series of motions, the Court also reviewed the Plaintiffs' Motion for Partial Summary Judgment on Liability and Brief in Support (Clerk's Doc. No. 78); and the Defendants' Response to Plaintiffs' Motion for Summary Judgment Nos. 1 and 2 (Clerk's Doc. No. 93). Having reviewed the motions, the relevant case law, and the file as a whole, the Court now DENIES both motions.[1]

To secure summary judgment, a prevailing party must demonstrate that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). In this case, both parties seek at least partial summary judgment and assert that there is no genuine dispute of material facts. Yet attached to their motions, both parties include tomes of evidentiary exhibits. Although the hundreds of pages of evidence provided

---

[1] Defendants' Opposed Motion to Extend Deadlines (Clerk's Doc. No. 100) is GRANTED, and the Court has considered all of the parties' filings related to these motions.

by the parties might itself be sufficient to establish a material fact dispute, the Court nevertheless reviewed that evidence.

In its review, the Court finds a genuine dispute of material fact regarding the key issue in the case: whether the Plaintiffs were exempt from the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the Defendants to prevail on their summary judgment motion, they must demonstrate that the Plaintiffs "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof." 29 C.F.R. § 541.100(a)(2). Likewise, for the Plaintiffs to prevail, they must demonstrate the opposite—their primary duty was not managerial. This requires a "highly fact-intensive inquiry that must be made on a case-by-case basis in light of the totality of the circumstances." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 908 (E.D. La. 2009).

In this case, these facts include numerous disputes: the extent to which non-exempt employees performed similar tasks as the Executive Managers ("EMs"), the level of supervision and direction provided by upper management to the EMs, the relative importance of managerial work compared to non-managerial work, the time spent performing managerial work, the primary value the EMs provided to the Defendants, the relative pay of the EMs compared to the hourly employees, the amount of control the EMs exercised over hourly employees, the influence the EMs had over hiring and firing decisions, and the number of employees under the EMs' control. And this is not an exhaustive list. Because of the numerous material fact disputes, reasonable jurors could, after considering the mountain of evidence present by both parties, return a verdict for either party.

Therefore, neither party is entitled to summary judgment regarding whether the Defendants correctly classified the Plaintiffs as exempt employees. Consequently, the Defendants' Motion for

Final Summary Judgment (Clerk's Doc. No. 53) and the Plaintiffs' Motion for Partial Summary Judgment (Clerk's Doc. Nos. 76 and 78) are DENIED without prejudice to the filing of a Rule 50 motion at the appropriate time.

SIGNED this 8th day of September, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE