IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ABIGAIL F. RANSOM, et al. | § | |
| | § | |
| V. | § | A-10-CA-857 AWA |
| | § | |
| M. PATEL ENTERS., INC., et al. | § | |

## ORDER

Before the Court are Defendants' Motion to Open and Close Evidence and Case (Clerk's Doc. No. 128); Plaintiffs' Response in Opposition to Defendants' Motion (Clerk's Doc. No. 133); Defendants' Motion for Leave to File Third Amended Original Answer (Clerk's Doc. No. 135); Plaintiffs' Response in Opposition to the Defendants' Motion for Leave to File Third Amended Original Answer (Clerk's Doc. No. 136); and Defendants' Reply in Support of Motion for Leave to File Third Amended Original Answer (Clerk's Doc. No. 137). The Court heard argument on the motions during the final pretrial conference on November 3, 2011.

### Motion for Leave to Amend

The Defendants request the Court's leave to amend their answer so that they can admit the elements of the Plaintiffs' prima facie case. Once the Plaintiffs prove their prima face case, the Defendants bear the burden of proof on their affirmative defense—whether the Plaintiffs were executive employees exempt from the Fair Labor Standards Act. The Plaintiffs oppose the Defendants' last minute motion to amend their answer, and note that the only reason the Defendants seek leave to make these concessions is to bolster the Defendants' request to reverse the order of proof so that the Defendants are permitted to open and close the evidence.

This presents the Court with an atypical controversy—and one which the Court could not find case law discussing: the Plaintiffs oppose the Defendants' motion to admit facts proving a portion

of the Plaintiffs' case, facts that the Plaintiffs have the burden of proving at trial. Defendants argue that the Plaintiffs' refusal to agree to the amendment demonstrates that they are trying to unnecessarily prolong the evidence solely to hold on to the right to open and close.

The deadline to amend pleadings passed months ago. Therefore, the Defendants must demonstrate good cause to obtain leave to amend. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). "Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* As the Defendants admit, this is a strategic move. They want to present their evidence first. Obtaining a strategic advantage is not good cause for leave to amend. Had the Defendants wished to obtain this advantage, they should have admitted these facts early in the case, instead of contesting them until the final pretrial conference. The Plaintiffs note that they spent time and money gathering evidence on both their prima facie case and on the issue of the individual defendants' status as "employers" under the FLSA. Therefore, the Court DENIES Defendants' Motion for Leave to File Third Amended Original Answer (Clerk's Doc. No. 135).

## Motion to Open and Close Evidence

That still leaves the order of proof. The Defendants argue that, regardless of whether the Plaintiffs accept the stipulations they have offered, the Defendants bear the burden of proof on the primary issue at trial, whether the Plaintiffs were exempt employees under the FLSA.[1] Because the

---

[1] The Plaintiffs have not accepted the stipulations offered by the Defendants. *See* Plaintiffs' Response in Opposition to Defendants' Motion for Leave to File Third Amended Answer (Clerk's Doc. No. 136) ("[T]he Plaintiffs did not accept, and do not now accept, the Defendants' proposed stipulations set forth at paragraph 2 of their Motion for Leave to Amend regarding the prima facie case. Plaintiffs intend to prove these prima facie matters at trial.").

Defendants bear the burden of proof on that issue, they contend that they should present their evidence first.

It appears that there are three primary issues for trial: (1) whether the Plaintiffs can demonstrate a prima facie case under the FLSA (on which there appears to be little or no controversy); (2) whether the Plaintiffs were exempt employees under the FLSA; and (3) whether the Defendants failed to pay overtime "willfully." The Plaintiffs bear the burden of proof on the first and last of these three items, and the Defendants on the second. As the Defendants note, the bulk of the evidence at trial will no doubt relate to the issue on which they bear the burden of proof. This does not mean that the Defendants should automatically be permitted to open and close, however. The Plaintiffs were the parties who were forced to take the initiative to file this lawsuit, the Defendants have vigorously defended it, and only in the last few days have they sought the right to open and close the evidence. Rule 16 makes it clear that these issues should be raised early in the case, not late. *See* FED. R. CIV. P. 16(c)(2)(A), (D), (N) and (P) (directing courts at the pretrial conference to address, among other things, "formulating and simplifying the issues," "avoiding unnecessary proof and cumulative evidence," "ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action").

The Court has wide discretion on these matters. *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981) ("The matter of a court's allocation of the right to open and close . . . does not go to the merits of a controversy and has long not been the subject of writ of error, even when coupled with the denial of requested party realignment.") (citing *Day v. Woodworth*, 54 U.S. 363, 370 (1851)). On balance, considering all of the above, the Court believes that it is appropriate to leave

3

the order of proof as is, so that the Plaintiffs shall open and close.  Accordingly, the Court DENIES the Defendants' Motion to Open and Close Evidence and Case (Clerk's Doc. No. 128).

SIGNED this 4th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE