**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ABIGAIL F. RANSOM, et al.,** | § | |
| | § | **Civil Action No.** |
| **Plaintiffs,** | § | **A:10-CA-857-AWA** |
| **v.** | § | |
| | § | **Jury Demanded** |
| **M. PATEL ENTERPRISES, INC., et al.** | § | |
| | § | **Collective Action Pursuant to 29 U.S.C.** |
| **Defendants.** | § | **§ 216(b)** |
| | § | |

**PLAINTIFFS' MOTION FOR AN AWARD OF REASONABLE
ATTORNEYS' FEES AND EXPENSES AND BRIEF IN SUPPORT**

Plaintiffs file this, their Motion for an Award of Reasonable Attorneys' Fees and Expenses pursuant to FED. R. CIV. P. 54(d) and Local Rule CV-7(i).  They show as follows:

**I.      Introduction**

On November 12, 2010, Plaintiffs sued Defendants for failing to pay them wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.  On January 18, 2011, on the Plaintiffs' motion, the Court conditionally certified this case as a collective action, and authorized notice to potential class members.  As a result, the Plaintiffs eventually numbered 16, and the Defendants never decertified the class.  During the course of the case, the Plaintiffs were wholly or partially successful on most of the motions they filed or opposed, and a jury eventually returned a verdict on liability in Plaintiffs' favor on November 14, 2011.  As a result of the verdict, fourteen of the 16 plaintiffs were entitled to unpaid wages from the Defendants; and the Court awarded liquidated damages.  (Clerk's Doc. Nos. 177, pp. 6-16 and 179).  (*See* Moreland Decl., ¶¶ 6-10).  The Court signed a judgment on February 15, 2012 in the Plaintiffs' favor in the amount of $135,036.26 for unpaid wages and liquidated damages.  It also taxed costs against the Defendants and ordered the Defendants to pay all costs of court.  (Clerk's Doc. No. 179, p. 2).

As such, Plaintiffs are prevailing parties, and counsel for the Plaintiffs now seek an award of $325,857.50 in reasonable and necessary attorneys' and legal assistant fees, $6,883.66 in taxable costs, and $1,880.37 in out-of-pocket expenses.[1]

## II.      Attorneys' Fees

### A.      Attorneys' Fees Under the FLSA

In addition to their back pay awards, prevailing plaintiffs are entitled to an award of reasonable attorneys' fees under the FLSA.  29 U.S.C. § 216(b).  The award of reasonable attorney's fees to a prevailing plaintiff is mandatory in an FLSA case.  *Id.* ("The court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")(emphasis added); *see also Graham v. Henegar,* 650 F.2d 732, 736, n. 8 (5th Cir. 1981) ("this Court has held that an award of attorney's fees to a prevailing plaintiff in an FLSA suit is mandatory.").

In addition, the Fifth Circuit has repeatedly "declined to adopt rule of proportionality between damages and attorney's fees."  *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000); *see also Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 803 (5th Cir. 2006); *Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Cir. 1987).  "To hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights." *Hodgson v. Miller Brewing* Co., 457 F.2d 221, 228-29 (7th Cir.1972).

As the Court well knows, the fairness of fee-shifting statutes is that they permit a defendant to be as vigorous and multifarious in its defense as it wishes and as it deems necessary to protect its interests. If a defendant believes that filing motions and opposing discovery and the like will help grind a plaintiff down to settle (or the like), then that is fair-game and it is free to

---

[1]      Plaintiffs have filed a bill of costs under 28 U.S.C. § 1920.  To the extent necessary, Plaintiffs move this Court for an order directing the clerk to execute the bill of costs in the amount of $6,883.66.

use all measures at its disposal to gain the upper hand.  On the other hand, there is a risk in such a strategy and that is, if the defendant pushes the case to trial and loses, then it must compensate the plaintiff for the time and effort that they made the plaintiff put into the case.  That is the risk of such a strategy, which the fee-shifting statutes deal with in an eminently fair way: such a strategy may lead the defendant to victory of a better settlement, but if they lose then they must pay for the time and expenses it caused to be incurred in not handling (or settling) the case in an efficient manner.

In short, the purpose of the FLSA attorney fee-shifting provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."  *Fegley,* 19 F.3d at 1134.  Thus, although the Plaintiffs in this case recovered much of the unpaid wages they were seeking, it is improper for a court to place undue emphasis on the amount of the plaintiff's recovery in determining the amount of the fee award because an award of attorney fees "encourage[s] the vindication of congressionally identified policies and rights."  *Id.* at 1134-35.

As a result, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests will exceed the amount of the judgment in the case."  *Holyfield v. F.P. Quinn & Co.,* 1991 WL 65928, at *1 (N.D.Ill. Apr. 22, 1991) (awarding $6,922.25 in fees and costs where the plaintiff had obtained a judgment for $921.50).    In fact, courts routinely award fees and costs in excess of the damages recovered in FLSA cases.  In *Johnson v. Big Lots Stores, Inc.*, for example, the court awarded $356,137.61 in fees and costs after awarding two plaintiffs $127,435.10 in unpaid wages and liquidated damages.   639 F.Supp.2nd 696, 709 (E.D.La. 2009).[2]  As discussed below, this is roughly the proportion that Plaintiffs' counsel seek

---

[2]     *See also Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (affirming an award of $1,181 in overtime compensation and $9,250 in attorneys' fees); *Bonnette v. Cal. Health &*

here, but there are more plaintiffs, collectively, the plaintiffs were awarded more wages, and the lawyers seek approximately $30,000.00 less in fees and costs.

### B.  The Lodestar and Billing Judgment

The Fifth Circuit requires the use of the lodestar system—a reasonable number of hours expended in a case multiplied by a reasonable hourly rate—to calculate an award of attorneys' fees in FLSA cases.  *Saizan*, 448 F.3d at 799.  There is a strong presumption that the lodestar amount represents a reasonable fee, although the Court may decrease or enhance it based on the factors established by the Fifth Circuit in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir. 1974).  *Saizan*, 448 F.3d at 800.[3]  For the reasons outlined at paragraphs 17 through 19 of the Moreland Declaration, an upward adjustment of the lodestar amount is warranted if the Court wishes to impose one.  However, counsel for the Plaintiffs will rely on the Court's judgment as to whether and, if so, by what multiple to enhance their fee award.

In addition, the moving lawyers are required to exercise "billing judgment."  *Id.*, at 799.  "Billing judgment requires documentation of hours written off as unproductive, excessive or redundant."  *Id.*  The hours that remain after the exercise of billing judgment are those that are reasonably expended in the litigation.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993);

---

*Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) (affirming award of $18,455 in damages and $100,000 in attorneys' fees); *Perrin v. John B. Webb & Associates, Inc.*, 2005 WL 2465022 (M.D.Fla. Oct 06, 2005)(plaintiff recovered $135 dollars in back pay - awarded $7,446.00 in attorney's fees and $261.40 in costs); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313 (M.D.Fla. 2001)(awarding $352,225.40 in attorney's fees based on a $21,000 total recovery which was less than the offer of judgment made); *Lirette v. Delchamps, Inc.*, 1997 WL 358124 (E.D.La. 1997)(plaintiffs recovered a total of $2,535 in FLSA damages, attorney fees of $23,684 awarded).

[3]   The *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*see also Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990)("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off.")

Plaintiffs' counsel have submitted their time records which they have kept contemporaneously; and this case required a significant expenditure of professional time. Having had the opportunity to observe counsel for the parties throughout much of this case, the Court is, of course, an expert on the lodestar rates applicable here. The Plaintiffs' attorneys' have also provided evidence of their lodestar rates in the declarations of Edmond Moreland and David Weiser, contained in the Appendix as Exhibits A and D, respectively. (Moreland Decl., ¶¶ 1-5; Weiser Decl., ¶¶ 1-9, 15, 17-18). Specifically, counsel for Plaintiffs have opined that $325.00 per hour is reasonable for Edmond Moreland's time; $350.00 per hour is reasonable for David Weiser's time; $180.00 per hour is reasonable for Adam Casner's time; and $65.00 per hour is reasonable for legal assistant time for Jennifer Sabatier. (Moreland Decl., ¶ 1-5; Weiser Decl., ¶¶ 1-9, 15, 17-18).[4] All of these rates are consistent with—and are, in fact, slightly less than—the average hourly billing rates in the Austin/San Antonio area. *See Texas Lawyer*, Pg. 1 Vol. 27 No. 22 (August 29, 2011).

In addition, the amount of time that Plaintiffs' counsel spent prosecuting this case was necessary and reasonable. (Moreland Decl., ¶¶ 6, 15; Weiser Decl., ¶¶ 11, 13).[5] Attorney Moreland, who has handled this case as lead counsel since its inception, spent at least 767.4

---

[4]     Plaintiffs do not seek compensation for all of Ms. Sabatier's time in this case and only seek recovery for tasks that she is qualified to perform through her education, training and/or work experience. Plaintiffs seek compensation for only those services which involve the performance, under the ultimate direction and supervision of a licensed attorney, of specifically delegated legal work, which work, for the most part, requires a sufficient knowledge of legal principles and procedures that, absent such a person, an attorney would be required to perform the task. (Moreland Decl., ¶ 14, n.1).

[5]     In the event that Defendants contend otherwise, Plaintiffs hereby move for an order compelling the Defendants' counsel to tender their time records for purposes of comparison.

hours prosecuting the Plaintiffs' claims; attorney Weiser spent at least 228.3 hours; and attorney Casner spent at least 177.1 hours.  (Moreland Decl., ¶ 11, Appendix Exhs. E, F, and G).   In addition, the 19.75 hours that legal assistant Jennifer Sabatier spent on this case was reasonable. (Id.; Appendix Exh. H).   Before the exercise of billing judgment, the lodestar amounts are $249,405.00 for Moreland, $79,905.00 for Weiser, $31,878.00 for Casner, and $1,274.00 for Sabatier, for a total of $362,287.00.  (Moreland Decl, ¶¶ 12-14; Appendix Exhibits E, F, G and H).

Much of the time Plaintiffs' counsel spent on this case was a result of the vigorous defense and litigation tactics that the Defendants employed in this case.  The Plaintiffs ask that the Court recall the events of this case and also take judicial notice of the docket sheet and entire case file in support of this assertion.  FRE 201.  In addition, as outlined in the Moreland Declaration, throughout much of this case, the Defendants engaged in litigation conduct that made for more work than might have otherwise been required.  (Moreland Decl., ¶¶ 6-8).  For example, the Defendants:

(1)    pursued, and then abandoned after the Plaintiffs filed a motion for summary judgment, a questionable administrative exemption defense;

(2)    provided initial disclosures that were late and incomplete;

(3)    failed to provide all the names of potential opt-in Plaintiffs pursuant to the Court's Order of January 18, 2011;

(4)    ignored production requests for months after their due dates;

(5)    maintained, until days before trial, that the individual Defendants were not "employers" under the FLSA, and then abandoned the claim then only to gain a trial advantage;

(6)    produced, within 2 weeks prior to the depositions of corporate representatives, roughly 14,000 pages of emails that were responsive to production requests served over 2 and one-half months prior;

(7)    routinely ignored court-ordered and Rule-imposed deadlines (*see, e.g.*, Clerk's Doc. No. 100).

(Moreland Decl., ¶¶ 6-8).

In determining the reasonableness of the lodestar amount, the Court should also consider the offers of settlement the parties exchanged in this case. In its Order of January 18, 2011, the Court ordered the parties to exchange written offers of settlement. It explained that "the Court will use these [settlement offers] in assessing attorney's fees and court costs at the conclusion of the trial." (Clerk's Doc. No. 26, 1). Plaintiffs timely tendered an initial offer of settlement on April 22, 2011, in the amount of $120,000.00. (See Clerk's Doc. No. 35 and Associated Text Order; Moreland Decl., ¶ 9). Defendants were then required to tender a counter-offer on or before May 6, 2011. (Id.).

As they did with many, if not most, of the Rule- and court-imposed deadlines in this case, the Defendants ignored that deadline. (Moreland Decl., ¶ 9). It was only as a result of a scheduling order deadline of May 27, 2011 to file the Parties' Joint ADR Report did the Defendants reluctantly tender an offer of settlement on May 26, 2011—20 days late. The Defendants then made an offer in the amount of *$10,000.00 for all 16 plaintiffs.* (Id.; Appendix Exh. C).[6] As a result, Plaintiffs did not consider the Defendants' offer to be in good faith and were forced to prepare the case for trial. The Court should follow its Scheduling Order and consider the Defendants' late-tendered, low and offensive initial offer of settlement, as well as its

---

[6]    Just as significantly, in addition to the minimal settlement offer, as a term of settlement, the Defendants also demanded that the Plaintiffs sign a statement that substantially reads as follows:

Plaintiffs agree that while employed as executive managers at Party City, a position also known as "assistant manager," their duties were primarily managerial, and therefore exempt from payment of overtime. Furthermore, Plaintiffs agree that they were not induced to make this statement in order to receive a settlement from Defendant[s], or for any other reason such as to avoid the expense and time required for trial. Rather, it is the truth. Plaintiffs further recognize that the amount paid by Defendants in settlement of Plaintiffs' suit against them was solely to avoid the expense of proving this fact at trial, and not because Defendants think that Plaintiffs duties were not primarily managerial.

For a number of obvious reasons, including and especially that it is not true, the Plaintiffs could not sign such a statement.

low offer of settlement in the days prior to trial,[7] in awarding attorneys' fees in this case. (Moreland Decl., ¶ 9).

Finally, Plaintiffs' counsel have exercised billing judgment.  Counsel for the Plaintiffs' have audited their billing records and have reduced their time to account for "unproductive, excessive or redundant" time.  First, as for attorney Moreland's billing records, he continually exercises billing judgment over the life of the case, and has not billed for all the time he has spent on this matter.  (Moreland Decl., ¶ 12).  As for Weiser's and Casner's billing records, their firm did not bill for time associated with learning about the background of this lawsuit.  (Weiser Decl., ¶ 16).

Additionally, as for the two plaintiffs who, as a result of the jury's no willfulness finding, recovered zero dollars in damages, counsel for the Plaintiffs spent little or no additional time working on their claims that did not benefit the rest of the plaintiff class.  Plaintiffs' counsel never had a face-to-face meeting with the two non-prevailing plaintiffs, and never had a phone conversation with them.  These two plaintiffs were not deposed and did not testify at trial.  The time incurred by Plaintiffs' counsel in connection with the two unsuccessful plaintiffs was therefore *de minimis*.  Moreover, much of the evidence of willfulness that the Plaintiffs discovered and introduced at the trial of this case was also probative of the issue of liquidated damages, on which the Plaintiffs were successful.  (Clerk's Doc. No. 177, pp. 6-16).  In any event, in an over-abundance of caution, Plaintiffs' counsel have trimmed at least 2% from the total hours to account for this unsuccessful aspect of the case.  (Moreland Decl., ¶ 6).

---

[7]     The Plaintiffs made a last effort to settle the case in late October, 2011, after the Court had ruled on the Parties' summary judgment submissions.  On October 28, the Plaintiffs made an offer of $280,000 or, alternatively, $130,000 plus the submission of attorneys' fees and costs to the Court (subject to a "high-low" agreement).  The Defendants tendered a $15,000.00 counter-offer on October 31.  (Moreland Decl., ¶ 9, Appendix Exh. C).

The undersigned has personally reviewed all billing records in this case and has reduced the number of hours billed for his own time by 50.7 hours, or $16,477.50; he has reduced attorney Weiser's hours billed by 24.4 hours, or $8,540.00; and he has reduced attorney Casner's time by 63.4 hours, or $11,412.00. (Moreland Decl., ¶¶12-13, Appendix Exhibits E, F and G). Thus, as outlined in the chart at paragraph 13 of the Moreland Declaration at Exhibit A, the Plaintiffs have excluded 138.5 hours, or $36,429.50 in attorney time, which represents approximately 10% of the total lodestar amount of $362,287.00. The fee sought in this case is for attorney time and legal assistant time that was all reasonable and necessary to the prosecution of the Plaintiffs' claims. (Moreland Decl., ¶¶ 6, 15; Weiser Decl., ¶¶ 10-13, 15). Accordingly, after the exercise of billing judgment, counsel for the Plaintiffs requests an award of $324,583.50 in attorneys' fees and $1,274.00 in legal assistant fees.

### III.   Costs and Expenses

The Court has taxed all costs against the Defendants, and has ordered the Defendants to pay all costs of court. (Clerk's Doc. No. 179, 2). In addition to $6,883.66 in taxable costs (see n. 1, *supra*), the Plaintiffs are also entitled to an award of other out-of-pocket expenses not enumerated in 28 U.S.C. § 1920 that they have reasonably incurred in this case. *See Johnson v. Big Lots Stores, Inc.*, 639 F.Supp.2nd 696, 709, *citing Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 969 (10th Cir. 2002)("Under the FLSA, costs include reasonable out-of-pocket expenses") *and Herold v. Hajoca Corp.,* 864 F.2d 317, 323 (4th Cir. 1988) (when a statute expressly authorizes attorneys' fees, as in the FLSA, the court is not limited to the costs available under Rule 54(d)). Also, as the *Johnson* court noted, "[w]hile the Fifth Circuit has not specifically ruled on whether the FLSA allows attorneys to recover reasonable out-of-pocket expenses as costs, it has followed other circuits in allowing out-of-pocket costs for claims under

fee-shifting statutes such as Title VII and the ADEA." *Johnson*, 639 F.Supp.2nd at 709, *citing West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003) *and Mota v. University of Texas Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001).   Only those expenses for goods and services that were "necessarily obtained for use in the case" are recoverable.  *Johnson*, 639 F.Supp.2nd at 709, *citing Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

As indicated at Appendix Exhibit J, the plaintiffs here incurred an additional $1,880.37 in non-taxable expenses, including expenses for facsimiles ($7.00), travel and lodging ($1,482.16), parking ($71.68), postage and shipping ($118.75), and miscellaneous research and consulting expenses ($200.78).   All such expenses were reasonable and were for services necessarily obtained for use in the case.  (Moreland Decl., ¶ 16).

IV.    **Conclusion and Prayer**

For the forgoing reasons, Plaintiffs respectfully request the Court award Plaintiffs attorneys' and legal assistant fees in the amount of $325,857.50, out-of-pocket expenses in the amount of $1,880.37, and, to the extent necessary, Plaintiffs respectfully request an order compelling the clerk to sign the bill of costs in the amount of $6,883.66.

Respectfully submitted,

**FLOREANI & MORELAND, LLP**
13500 Ranch Road 12, Suite E

Wimberley, Texas 78676
(512) 722-3692
(512) 233-5172 - Telecopier


By:*/s/ Edmond S. Moreland, Jr.*
    **EDMOND S. MORELAND, JR.**
    State Bar No. 24002644

**KATOR, PARKS & WEISER, P.L.L.C.**
1609 Shoal Creek Blvd., Suite 201
Austin, Texas 78701
(512) 322-0600
(512) 473-2813 - Telecopier
www.katorparks.com

**DAVID WEISER**
State Bar No. 2110747

dweiser@katorparks.com
**ADAM J. CASNER**
State Bar No. 24076300
acasner@katorparks.com

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that, on February 27, 2012, counsel for the parties met and conferred regarding the relief sought in Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses.  Counsel for the parties could not reach agreement regarding the amount of attorneys' fees Plaintiffs' counsel seeks in this case because (1) Defendants contend that the lodestar rates sought for Plaintiffs' counsel are too high and (2) Defendants contend that Plaintiffs achieved only partial or limited success.

*/s/ Edmond S. Moreland, Jr.*
EDMOND S. MORELAND, JR.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 28th day of February, 2012, this document was submitted for electronic filing, and a true and correct copy of the foregoing

instrument shall be served on the following opposing counsel by operation of the Court's ECF system:

Mr. Justin M. Welch
Ms. Julie Plowman
Blazier, Christensen, Bigelow & Virr, P.C.
221 West 6th Street, Suite 2000
Austin, Texas 78701

*/s/ Edmond S. Moreland, Jr.*
EDMOND S. MORELAND, JR.