IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ABIGAIL F. RANSOM, et al.** | § | |
| | § | |
| **V.** | § | **A-10-CA-857 AWA** |
| | § | |
| **M. PATEL ENTERPRISES, INC., et al.** | § | |

## ORDER

Before the Court are the Plaintiffs' Motion to Appoint Receiver and for Turnover Relief (Clerk's Doc. No. 199); the Defendants' Motion for Supersedeas Bond (Clerk's Doc. No. 202); the Defendants' Response to the Plaintiffs' Motion to Appoint Receiver and for Turnover Relief (Clerk's Doc. No. 204); the Plaintiffs' Reply to the Defendants' Response to the Plaintiffs' Motion to Appoint Receiver and for Turnover Relief (Clerk's Doc. No. 205); the Plaintiffs' Response to the Defendants' Motion for Supersedeas Bond (Clerk's Doc. No. 206); and the Defendants' Supplement to Motion for Supersedeas Bond (Clerk's Doc. No. 214).

After the jury returned a verdict for the Plaintiffs and the Court denied the Defendants' motion for a new trial, the Defendants a notice of appeal and the Plaintiffs gave notice of their cross-appeal. In the interim, until the Fifth Circuit decides the appeals, the Plaintiffs ask the Court to appoint a receiver and provide turnover relief, and the Defendants request that the Court allow them to post a supersedeas bond.

The Defendants seek to post a supersedeas bond in cash for $475,680.25,[1] the full amount of the judgment for damages and attorneys' fees. The only dispute between the parties on the bond appears to be the Plaintiffs' request that the bond include an additional $2,500.00 for costs on appeal.

---

[1] Originally, the Defendants contemplated using Government Bonds to post the supersedeas bond, but in their supplement, they stated that they would use cash.

The "purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The general rule, set by statute, is that "costs taxable under 28 U.S.C. § 1920 are properly included in the supersedeas bond." *See Tricon Energy, Ltd. v. Vinmar Intern., Ltd*, 2012 WL 527965, at *2 (S.D. Tex., Feb. 16, 2012) (citing *Norton v. Canadian Am. Tank Lines*, WL 3172105, at *1 (W.D. Ky. Sept.29, 2009) and *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn.1995)). The Court will therefore increase the bond amount by $2,500.00.

ACCORDINGLY, the Defendants' Motion for Supersedeas Bond (Clerk's Doc. No. 202) is GRANTED IN PART, and it is ORDERED that **no later than July 20, 2012**, the Defendants post $478,180.25. Because the Court has granted the Defendants' Motion for Supersedeas Bond, the Plaintiffs' Motion to Appoint Receiver and for Turnover Relief (Clerk's Doc. No. 199) is MOOT, and is DENIED without prejudice to refiling in the event the Defendants fail to post the supersedeas bond called for herein. Further, upon the Defendants depositing the aforementioned supersedeas bond into the Court's registry, the Plaintiffs shall suspend all efforts to collect the judgment.

Upon receipt of the $478,180.25, the Clerk of the Court receive and deposit into the Registry of the Court that amount, which represents a supersedeas bond, and it is

FURTHER ORDERED, that the Clerk of the Court, as soon as the business of his office allows, draw his check and deposit same into an interest bearing account with the highest interest rate at Frost National Bank. In return, the Clerk is to receive an indicia of ownership payable to:

United States District Court
for the Western District of Texas
Clerk of Court Trustee for:
Civil Action Number 10-CV-857 AWA
Tax I.D. 74-6252093

Upon maturity of said investment, the principal amount plus accrued interest shall be automatically reinvested and without further instructions from the Court. The investment shall be for the same length of time as the original investment at the prevailing interest rate. This "roll-over" procedure will be followed at the maturity of each investment unless the Court Orders otherwise. The initial investment and subsequent reinvestments will be subject to the collateral provision of 31 CFR Part 202.

IT IS FURTHER ORDERED, that the Clerk of the Court will deduct a registry fee authorized by the Judicial Conference Schedule of Fees implemented by the Administrative Office of the United States Courts effective February 3, 1992, for the handling and servicing of interest-bearing accounts deposited to financial institutions pursuant to 28 U.S.C. § 2041 and Rule 67 of the Federal Rules of Civil Procedure. The amount of the fee shall be equal to ten percent (10%) of all income earned during the first five years, seven and a half percent (7.5%) of all income earned during years six through ten, five percent (5%) of all income earned during years eleven through fifteen, and two and a half percent (2.5%) of all income earned after fifteen years while funds are held in the Court's registry. The financial institution, without further Order of the Court, will issue a check payable to the CLERK, U. S. DISTRICT COURT for the percentage of income earned as set forth above at the end of each five year period or when the account is closed, whichever occurs sooner, as requested by the Clerk of the Court. All remaining sums shall continue to be invested as previously outlined until further order of this Court.

SIGNED this 13th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE