FILED

2013 OCT -7 PM 3: 49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ABIGAIL F. RANSOM et al. <br> *Plaintiff* <br><br> v. <br><br> M. PATEL ENTERPRISES, INC., et al. <br> *Defendants* | CIVIL ACTION NO. <br> A-10-CV-857-AWA |

## ORDER

Before the Court is Defendants' Opposed Motion to Reconsider & To Vacate Referral to Magistrate (Dkt. No. 223), Plaintiffs' Response to In Opposition to Defendant's Motion (Dkt. 224), and Defendant's Reply to Plaintiffs' Response to Defendant's Motion (Dkt. No. 225). For reasons explained below, the Court denies the Defendant's Motion.

This Court has already addressed this matter directly (*see* Dkt. No. 222), but Defense Counsel nevertheless filed this motion requesting that the Court reconsider its previous decision not to vacate its reference of this case to Judge Austin. After consideration of the arguments and further review of the record in this case, the Court has not changed its mind.

Before proceeding with its analysis of Defendants' arguments, the Court feels compelled to point out that Defendants' filings in support of its request for

-1-

reconsideration contain an alarming number of assertions intended to call into question Judge Austin's integrity, especially given the dearth of evidence counsel cites in support of these assertions. Additionally, in the 16 pages of briefing materials filed subsequent to this Court having addressed this very issue, the Court cannot locate a single relevant fact or legal issue that was not raised in the 5th Circuit opinion that lead this Court to take the matter up on its own. While the Court certainly questions the wisdom of asserting that a judge has been "expressly defiant and scornful" of Fifth Circuit precedent or nakedly asserting that "there is every reason to think Magistrate Austin will still refuse to properly consider Plaintiffs' lack of success; and be hostile to the theory" without citing evidence to back such bold claims up, the Court is quite certain that Defense Counsel should hereafter refrain from filing motions for reconsideration that are devoid of previously unconsidered arguments.

Had Defendants carefully considered whether or not to ask the Court to re-visit this already well-worn terrain, perhaps they may have realized that, in light of the fact that the Court previously found that there was not "good cause" to vacate its referral, it was *highly* unlikely that the Court would reverse course in response to a Motion for Reconsideration, where Petitioner must carry a much heftier burden. Specifically, to prevail in this motion, Defendants must show "extraordinary circumstances" sufficient to justify the Court's reversing course and vacating its referral. In evaluating whether the extraordinary circumstances are present in a case, courts considers the following factors: "[U]ndue delay, inconvenience to the court and witnesses, prejudice to the parties,

whether the movant is acting *pro se*, whether consent was voluntary and un-coerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent." *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 F. App'x 778, 779-80 (5th Cir. 2009)

Defendants fail to demonstrate that any of these factors are present in this case. Instead, Defendants merely recite the concerns that the Fifth Circuit panel suggested in *Ransom*. Given that the Court has already considered the concerns raised by the 5th Circuit in its *Ransom* opinion and determined that they were not sufficient to justify the Court's vacating the reference under the lower "good cause" standard of review (*see* Dkt. No. 222), the same arguments certainly do not meet the higher standard that governs the disposition of this matter.

For these reasons, the Court **DENIES** Defendants' motion.

**SIGNED this 7th day of October, 2013.**

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE